■ Lidia Vasquez, Respondent, v Port Authority of New York and New Jersey, Respondent, and Laro Maintenance Corp., Appellant, et al., Defendant. [955 NYS2d 1]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered November 9, 2011, which, to the extent appealed from as limited by the briefs, denied defendant Laro Maintenance Corporation's motion for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and Laro's motion granted. The Clerk is directed to enter judgment accordingly.

In this trip-and-fall case, defendant Laro Maintenance contracted with the Port Authority to undertake responsibility for cleaning and inspecting stairs in the Port Authority Bus Terminal for defects. Plaintiff has alleged that Laro failed to fulfill its duty of care to her by not identifying the defective stair nosing she fell on.

The motion court erred in not dismissing plaintiff's action against Laro Maintenance. The evidence fails to show that an issue of fact exists regarding the enumerated exceptions of *Espinal v Melville Snow Contrs.* (98 NY2d 136 [2002]).

First, plaintiff concedes that Laro Maintenance did not completely displace the Port Authority, which retained its own inspection rights and the obligation to make repairs. Second, plaintiff could not have detrimentally relied on Laro's performance of the contract, as she was unaware of the contract (*Vushaj v Insignia Residential Group, Inc.*, 50 AD3d 393 [1st Dept 2008]). Finally, Laro, by its mere failure to inspect, did not launch a force or instrument of harm (*see Church v Callanan Indus.*, 99 NY2d 104, 111-112 [2002]; *All Am. Moving & Stor., Inc. v Andrews*, 96 AD3d 674 [1st Dept 2012]). Concur—Mazzarelli, J.P., Friedman, Catterson, Renwick and Freedman, JJ.